ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2011 FEB 15 PM 3: 50

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO PEREZ MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-069 |
| | ) | |
| WALT WELLS, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner was an inmate at McRae Correctional Facility ("MCF") in McRae, Georgia, when he commenced the above-captioned case pursuant to 28 U.S.C. § 2241. The matter is presently before the Court on Respondent Wells' motion to dismiss Petitioner's § 2241 petition for mootness. (Doc. no. 18.) Petitioner filed a response opposing the motion to dismiss (doc. no. 19), and Respondent Wells, in turn, filed a reply (doc. no. 20). For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED** and that the instant petition be **DISMISSED AS MOOT**.

### I. BACKGROUND

Petitioner's § 2241 petition contested, among other things, the disallowance of twenty-seven (27) days of "Good Conduct Time" ("GCT") resulting from the finding in the Discipline Hearing Officer Report that Petitioner had taken money in return for doing legal work for other inmates and possessed legal documents belonging to other inmates in violation of Code 217 of the disciplinary policy. (Doc. no. 1, Attach. 1, pp. 26-27, §§ V-VI;

doc. no. 14, Ex. 4, §§ V-VI.) Petitioner alleged in his petition that there had been several irregularities in his disciplinary proceedings which deprived him of his due process rights. (See generally doc. no. 1.) Petitioner also argued that MCF, as a private facility owned by Corrections Corporation of America ("CCA"), could not deprive him of GCT. (Id. at 1, 2, 6-8.) Subsequent to the filing of his petition, Petitioner was released from the custody of the Bureau of Prisons ("BOP") and was placed in the custody of United States Immigration and Customs Enforcement ("ICE") for removal proceedings. (Doc. no. 18, Ex. 1.) Petitioner is currently being held at Stewart Detention Center in Lumpkin, Georgia, awaiting removal proceedings. (Doc. no. 19, p. 1.)

## II. DISCUSSION

### A. The § 2241 Petition is Moot

Respondent Wells argues in his motion to dismiss that because Petitioner was released from the BOP's custody, the instant habeas action is moot. (Doc. no. 18, pp. 4-5.) A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which

2

do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14.

Petitioner's response to Respondent Wells' motion to dismiss is predominately a rehashing of arguments from his petition claiming that MCF, a private prison owned by CCA, and housing federal prisoners per a contract with the BOP, is not a "federal facility." (See generally doc. no. 19.) Therefore, Petitioner claims that MCF is not entitled to representation by the Office of the United States Attorney and cannot properly apply the BOP Program Statements- specifically those that address prohibited acts and inmate discipline. (Id. ¶¶ 1, 3, 5, 8.) These arguments do not allege a collateral consequence, much less one that amounts to a continuing injury-in-fact; furthermore, similar arguments have been addressed and rejected by this Court on numerous occasions. (See e.g., Saleem v. Wells, CV 310-042, doc. no. 3, *adopted by* doc. no. 6; Pena-Morfe v. Wells, CV 309-088, doc. no. 8, p. 11 & n.6, *adopted by* doc. no. 10; Diaz-Morales v. Wells, CV 309-083, doc. no. 17, p. 5 n.5) Thus, the instant § 2241 petition is moot.

B.     **Writ of Coram Nobis**

Petitioner also argues, as he did in his petition, that due to his release from MCF, his petition for a writ of habeas corpus should be converted to a petition for a writ of coram nobis. (Doc. no. 19, ¶ 4.) Petitioner misses the mark with this argument. A writ of coram nobis is a remedy available to those who are no longer in custody and assert that their very sentence was imposed in violation of the Constitution or laws of the United States. See

3

United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (*per curiam*) (stating that a writ of coram nobis is "a remedy available to vacate a conviction when the petitioner . . . is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255"). In the instant action, Petitioner is not challenging the validity of his sentence, but rather the execution of his sentence. (See generally doc. no 1.) Thus, a writ of coram nobis is not available to Petitioner.

### III.   CONCLUSION

As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED** and that the instant petition be **DISMISSED AS MOOT**.[1]

SO REPORTED and RECOMMENDED this 15th day of February, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the Court's recommendation that the instant § 2241 petition be dismissed as moot, the Court also **REPORTS** and **RECOMMENDS** that Petitioner's motion for summary judgment (doc. no. 5), motion for default judgment and declaratory judgment (doc. no. 7), motion for default judgment, contempt and declaratory judgment (doc. no. 9), motion to augment the Court's records (doc. no. 15), and second motion for summary judgment (doc. no. 17) be **DENIED AS MOOT**.